AMERICAN SAMOA GOVERNMENT, Plaintiff

v.

MANU'A AIR TRANSPORT, Defendant

High Court of American Samoa
Trial Division

CA No. 36-89

August 30, 1989

Before REES, Associate Justice, OLO, Associate Judge, and MATA'UTIA, Associate Judge.

Counsel: For Plaintiff, Richard Lerner, Assistant Attorney General
For Defendant, William H. Reardon

Plaintiff (hereinafter "ASG") seeks to evict defendant (hereinafter "the airline") from a hangar and office space at Pago Pago International Airport. ASG also seeks judgment for past due rent, for the balance due on a promissory note, and for the return of money advanced by ASG to the airline in exchange for prepaid tickets.

The airline admits that it has not paid the rent, at least not in cash, for some time. It also admits to owing $24,497.58 on an open

account, consisting partly of landing fees due ASG and of rents accrued as of May 1987 and partly of the balance on a promissory note executed by the airline in January 1987 to consolidate earlier past due rents and landing fees. The airline further admits that it dishonored some prepaid tickets --- purchased in vast numbers by ASG in order to help the airline with cash-flow problems --- when further cash-flow problems made it seem necessary to accommodate "paying" customers in preference to prepaid ones. The prepaid tickets have in any case been unusable since late 1988 when the airline ceased its operations, and there is no immediate prospect of resumption.

The airline contests the right of ASG to evict it, however, by reference to a March 1988 agreement between the ASG Treasurer and airline officials. The agreement was as follows:

1) The airline would "not issue tickets to ASG representatives on credit" (a practice apparently preferred by many ASG employees but not by the Treasurer's office); rather, "[a]ll travel . . . will be made through prepaid tickets." The only exception was to be for medical emergencies.

2) The airline would make monthly payments of $500 on the promissory note.

3) In return, "any offsets made out of monies due to Manu'a Air [e.g., for past ticket sales made other than through prepaid tickets] will be used to pay current ASG invoices."

The airline points out that during 1987 and 1988 offsets in the amount of $22,323.72 were credited against the balance of the promissory note. If instead only $14,000 had been credited against the note --- $500 for each month between January 1987 and April 1989, when the present suit was filed --- the $8000 remainder could have been applied to "current invoices" for landing fees and rent. Since the past due rent, other than the pre-1987 rent folded into the promissory note, is only $6270, the airline figures it is not really behind.

There are several problems with this analysis. The most obvious is that Manu'a Air has not kept its two parts of the three-part bargain on which it relies. The airline was to make $500 monthly payments on the promissory note --- cash payments, *in addition to* any offsetting obligations ASG might happen to incur toward the airline --- and to honor ASG prepaid tickets and no other form of payment for ASG

79

employees. *In return*, ASG was to apply offsets first toward current invoices and only then toward the promissory note. But the airline never made any of the promised payments, and it dishonored at least some prepaid tickets. ASG is therefore free to apply offsets to the earliest debt first.

Nor do we know how much, if any, of the $22,323 in offsets was applied to the promissory note after the March 1988 agreement. The only evidence presented by Manu'a Air is that total offsets for calendar year 1988 were $20,191.48. If this entire amount had been credited to the promissory note before the agreement was made, ASG would not have been obliged to credit anything toward current rents, since the agreement was prospective only.

An ASG exhibit suggests that there was only one credit to the account of Manu'a Air after March 1988, in the amount of $6090. Since this was insufficient to pay the $9005 in landing fees incurred during 1988, it is not clear that ASG was obliged under the March 1988 agreement to credit any of it toward the rent. Even if the $6090 credit had been allocated pro rata between rents and landing fees it would have left a substantial 1988 balance in each category.

In any event, during 1989 there have apparently been no offsets and no cash payments. Even if ASG had applied all 1988 offsets to current rents before applying them to current landing fees or to past due balances, and even if this had wiped out the rent arrearages for 1987 and 1988, it would not have relieved the airline of the obligation to pay *subsequent* rentals as they came due. Even exercising every factual and legal presumption in favor of the airline, therefore, and ignoring its noncompliance with the 1988 agreement, the rent is still at least eight months overdue.

Finally, there is no evidence to support the airline's claim that this is a retaliatory eviction. The only thing ASG appears to be retaliating for is the airline's failure to pay the rent. Far from being a pretext for the settling of an extrinsic score, non-payment is itself the only motive of which there was any evidence. This is the very opposite of a retaliatory eviction.

Accordingly, plaintiff will have judgment restoring it to immediate possession of the premises, and for $4370 in past due office rent, $1900 in past due hangar rent, $24,497.58 for amounts owing

before May 31, 1987, and $12,737.50 for unusable prepaid tickets, or a total of $43,505.08 with post-judgment interest at the legal rate.

We express no opinion with regard to the unpaid ASG accounts alleged by Manu'a Air, as no evidence was presented in this action to substantiate them. Counsel for plaintiff and defendant are urged to review any such evidence and to stipulate to any amounts that should in fairness be credited against the judgment. In the event no such agreement can be reached, Manu'a Air is free to bring a separate action or actions on such accounts, either against ASG or against any employees who may have incurred obligations not chargeable to ASG.

It is so ordered.